BASCHAB, Judge.
On May 5, 1999, the appellant, Derell Young, was convicted of felony murder, and the trial court sentenced him to serve a term of life in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on March 17, 2000. See Young v. State, 778 So.2d 881 (Ala.Crim.App.1999) (table), cert. denied, 786 So.2d 1155 (Ala.2000). On April 6, 2001, the appellant filed a Rule 32 petition, challenging his conviction. The State filed a general response, and the circuit court summarily denied the petition based on the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P. This appeal followed.
In his petition, the appellant raised several ineffective-assistance-of-trial-counsel claims, and he reasserts those claims in his brief to this court. In its brief, the State argues that the circuit court improperly found that the petition was time-barred. We agree. Because this court issued a certificate of judgment in this case on March 17, 2000, and the appellant filed his petition on April 6, 2001, the two-year limitations period set forth in Rule 32.2(c), Ala. R.Crim. P., does not apply to this case. In addition, the State requests that we remand this case to the circuit court for that court to address the appellant’s ineffective-assistance claims, which it concedes may be meritorious. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings of fact regarding each of the appellant’s ineffective-assistance-of-trial-counsel claims. On remand, if necessary, the circuit court may require the State to respond specifically to the appellant’s allegations and/or may conduct an evidentiary hearing on the petition. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible *52 time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and, if applicable, the State’s response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On November 21, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 14, 2001, that court denied rehearing, without opinion. On March 22, 2002, the Supreme Court denied certiorari review, without opinion (1010718).